# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ADAPTOR, INC.,

   Plaintiff,

v.               Case No. 09-CV-1070

SEALING SYSTEMS, INC.
d/b/a Ess Brothers & Sons, Inc.,

   Defendant.

# ORDER

On November 11, 2010, plaintiff Adaptor, Inc. ("Adaptor") filed an expedited Motion for Reconsideration (Docket #33) pursuant to Local Civil Rule 7(h), requesting reconsideration of the court's October 21, 2010 Order (Docket #31) denying Adaptor's earlier Motion to Stay (Docket #22). Adaptor had requested a stay in order to allow completion of a pending patent reexamination ordered by the United States Patent and Trademark Office ("PTO"). The court found that the prejudice to defendant Sealing Systems, Inc. ("SSI"), in conjunction with the speculative possibility that the reexamination would simplify the issues supported denial of the requested stay. Adaptor's motion for reconsideration now presses two main arguments that it believes support this court reversing course: that Adaptor could not have requested an *inter partes* reexamination, as opposed to the currently pending *ex parte* reexamination; and that a stay will not in fact prejudice SSI.

To begin, Adaptor does not cite any procedural rules directly authorizing the request for reconsideration. Federal Rules of Civil Procedure 59(e) and 60(b) might support such a motion,[1] but Adaptor does not suggest either, instead essentially offering a district court's inherent power to stay proceedings as support. Regardless of the propriety of the procedure, Adaptor's argument fails on the merits and the court will deny the motion.

Adaptor first argues that because it could not have filed for an *inter partes* reexamination, the court erred in basing its denial on the type of reexamination. Adaptor also asserts that its inability to apply for an *inter partes* reexamination removes any evidence of dilatory action on its part. Under PTO regulations, "any person other than the patent owner or its privies may, at any time during the period of enforceability of a patent which issued from an original application filed in the United States on or after November 29, 1999, file a request for inter partes reexamination." 37 C.F.R. § 1.913. Adaptor offers the fact that the patent application in question was filed in 1996, and thus *inter partes* reexamination was not available. Adaptor is correct here and, as such, the court's suspicion of dilatory action on the basis of filing for an *ex parte* reexamination rather than *inter partes* was unfounded. However, the removal of that suspicion is not sufficient to undercut the basis of the court's denial of a stay. In its order, the court noted only that the type of

---

[1] The court finds appeal to those rules unlikely to succeed, but, in any event, it need not decide the issue under such. Because the court does not find Adaptor's arguments sufficient to meet the general standard for a stay, the arguments cannot meet the higher bars set by Rules 59(e) and 60(b).

reexamination "raise[d] a suspicion of dilatory action." (October 21, 2010 Order, at 9). Dilatory action itself is merely a factor to consider in weighing the propriety of a stay. As the court stated, it did not actually make an explicit finding that the reexamination was a dilatory tactic, but merely mentioned it as further support for its prior analysis which had already established prejudice and a lack of simplification sufficient to support denial. Because that paragraph was not essential to the court's reasoning, it finds no reason for the error to support reversing course and granting a stay.

As to the court's other use of the type of reexamination in supporting its denial, the fact that Adaptor could not have filed for *inter partes* reexamination has no bearing on whether the type of reexamination itself supports denial. Adaptor argues that a finding of patentability in an *ex parte* reexamination is valuable as it would maintain the presumption that the patent is valid. However, this argument ignores that a patent is already presumed valid by virtue of having been issued, regardless of reexamination. *Laryngeal Mask Co. v. Ambu*, 618 F.3d 1367, 1373 (Fed. Cir. 2010) ("Issued patents are presumed valid under 35 U.S.C. § 282."). Thus, Adaptor has not demonstrated that the court's partial reliance on the character of the reexamination infected with error its decision to deny the stay.

Adaptor's second argument is a reassertion that a stay will not prejudice SSI. It cites to a District of Colorado case and a Southern District of Florida case for the proposition that delay of litigation itself is insufficient to establish prejudice. The

court agreed with this position in its order, (October 21, 2010 Order, at 8) ("delay alone is not sufficient"), and based its finding of prejudice on a number of factors: lost market share, eroded prices, the essential right to exclude as part of the patent, the parties' status as direct competitors, as well as the circumstances surrounding the posture of the litigation, the reexamination request, and the request for a stay. To the extent Adaptor implies that the court found prejudice based on delay alone, it rejects that argument. However, Adaptor also asserts that because SSI did not request a preliminary injunction, it has "passively concurr[ed]" that monetary damages are a sufficient remedy, citing one Southern District of Florida case. Adaptor further argues that SSI has not asserted that damage recovery would be limited, unavailable, or undeterminable. Though these factors may be entitled to analysis in other districts, the court is not persuaded that even were it to adopt and consider such factors, they would require it to reverse its own decision. The court still finds its original reasoning supportive of its chosen exercise of discretion. As such, Adaptor has not shown error or any new facts sufficient for this court to grant a stay. The court's examination of the effect of an *ex parte* reexamination was reasoned and appropriate, as was its prejudice analysis, and, therefore, it will deny the motion.

Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for Reconsideration (Docket #33) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 22nd day of November, 2010.

BY THE COURT:

*[signature]*

J.P. Stadtmueller
U.S. District Judge