**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

ADAPTOR, INC.,

        Plaintiff,

v.

                                              Case No.  09-CV-1070

SEALING SYSTEMS, INC.,
d/b/a Ess Brothers & Sons, Inc.,

        Defendant.

# ORDER

On April 7, 2010, plaintiff Adaptor, Inc. ("Adaptor") filed a Motion to Strike Affirmative Defenses (Docket #10).  Contemporaneously, Adaptor also filed a Motion to Dismiss Counterclaims (Docket #12).  In its briefing, defendant Sealing Systems, Inc. ("SSI") alternatively asks for leave to amend its answer.  SSI's request is contained in both its opposition to striking of its affirmative defenses and opposition to dismissal of its counterclaims.  (Docket #'s 15, 16).  SSI has also submitted its memorandum in opposition to dismissal of its counterclaims as a separate Motion for Leave to Amend (Docket #17), though the substance of that submission is identical to the original opposition.  Thus, the court will dispose of the Motion to Strike, Motion to Dismiss, and Motion for Leave to Amend herein.

This case involves a dispute over alleged patent infringement.  In its complaint (Docket #1), Adaptor requests a declaratory judgment that it has not committed infringement and that the patent in question is invalid, unenforceable and void.  In its answer (Docket #6), SSI raised three affirmative defenses and counterclaimed

for infringement of its patent. The affirmative defenses are: failure to state a claim; bar of Adaptor's claims by laches, estoppel, waiver and/or unclean hands; and that Adaptor is not entitled to costs or attorney fees. Because SSI's proposed amendments remedy the alleged deficiencies, and are not themselves insufficient, the court will grant leave to amend and deny Adaptor's motions as moot.

I.   **AFFIRMATIVE DEFENSES**

Because SSI's proposed amended answer provides affirmative defenses sufficient to survive a motion to strike, the court will grant the motion to amend and deny the motion to strike as moot. A court may strike an insufficient defense from a pleading. Fed. R. Civ. P. 12(f). Defenses are pleadings, thus they too are subject to all pleading requirements, including the notice pleading standards of Rule 8(a). *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). A defense is insufficient, *inter alia*, where it is a "mere conclusion[] of law." *United States vs. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975). However, because defenses remain pleadings, leave to amend should be given freely when justice requires. Fed. R. Civ. P. 15(a)(2); *Heller* 883 F.2d at 1294. Leave to amend may be denied where amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009).

SSI's original affirmative defenses are indeed likely deficient, as they simply state legal conclusions with no hint of factual support. But SSI, in its motion to amend, has withdrawn the defense of failure to state a claim and re-stated its defenses of barred claims and non-entitlement to fees with factual allegations.

Adaptor makes a brief argument that the amended defenses remain insufficient, but the additional factual basis is enough to provide notice of the defense and its supposed grounding. The court does not find the offered amendment futile and further finds that justice requires granting leave to amend. Therefore, the court will grant SSI's motion to amend the answer as to its affirmative defenses, and deny Adaptor's motion to strike as moot.

## II. COUNTERCLAIMS

SSI has offered a proposed amendment to its counterclaims sufficient to meet pleading standards, and thus the court will grant its motion to amend as to the counterclaims and deny Adaptor's motion to dismiss as moot. The rules of procedure provide for dismissal of allegations that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Pleading rules require a short, plain statement showing entitlement to relief sufficient to provide "fair notice" of the claim and its grounds. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2). Those grounds require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. As the Court has put it, the alleged facts must state a "plausible" claim to relief. *Id.* at 570. But even so, "specific facts are not necessary," as the Supreme Court did not intend to reinstate a fact-pleading system. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

Adaptor originally argued that SSI failed to state a claim for either direct or indirect infringement. The Federal Circuit[1] has explained that one of the allegations required to sufficiently plead direct infringement is the means by which infringement occurred, most likely naming the allegedly infringing product or method. *See McZeal v. Spring Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007). Additionally, direct infringement requires that the alleged infringer practice every element of the claimed invention. *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1380 (Fed. Cir. 2007). As to indirect infringement, SSI alleges both inducement and contributory infringement. Inducement requires direct infringement by a party other than the inducer. *Id.* at 1379. Inducement also requires knowledge and specific intent. *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990). Contributory infringement similarly requires direct infringement by another party, as well as knowledge and non-suitability of the component for non-infringing uses. *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1303 (Fed. Cir. 2006); 35 U.S.C. § 271(c).

According to Adaptor, SSI did not state a claim for direct infringement because the facts alleged did not give Adaptor notice of the infringing method or product, nor did SSI sufficiently allege that Adaptor practiced all steps of the patent. SSI also supposedly failed to state a claim for either inducement or contributory infringement. Adaptor argues that SSI has not shown inducement by failing to allege a separate

---

[1] Federal Circuit law applies to substantive patent law issues. *Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, 265 F.3d 1294, 1307 (Fed. Cir. 2001).

direct infringer or sufficiently allege Adaptor's specific intent to induce. The argument is similar regarding contributory infringement, with Adaptor asserting that SSI failed to identify a direct infringer, did not sufficiently support the allegation as to Adaptor's knowledge, and did not allege that any accused method is not suitable for non-infringing uses. In paragraph 7 of its counterclaims (*see* Mot. for Leave to Amend Ex. 1, at 4-5) (Docket #17-1), SSI seeks to add two specific "riser sealing" systems that it alleges embody the inventions claimed in its patent. Then, in paragraph 8 (*Id.* at 5), SSI seeks to include specific reference to installation procedure instructions for the identified "riser sealing" products, as well as an allegation that Lake County, Illinois, is an individual utilizing the products and instructions.

SSI's amendments serve to remedy Adaptor's original arguments in favor of dismissal. SSI has now sufficiently alleged direct infringement by specifying the products and instructions at issue, thereby specifying the means of infringement. SSI's counterclaims also sufficiently allege that Adaptor has practiced all of the elements claimed by alleging that it has "used, and is continuing to use installation methods . . . and similar methods which infringe the [patent]." (Mot. for Leave to Amend Ex. 1, at 6).[2] SSI has also sufficiently alleged both inducement and contributory infringement. First, SSI has identified an alleged direct infringer: Lake County, Illinois. Second, the court finds without merit the argument that SSI has not

---

[2]This allegation, found in the original counterclaim and unchanged in the proposed amendment, is sufficient when read in conjunction with the addition of the identified systems.

sufficiently pled intent or knowledge. Intent and knowledge may be alleged generally, though allegations must still meet Rule 8 pleading standards. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1954 (2009). Adaptor argues that SSI's allegations are too conclusory, but it ignores the totality of the counterclaim. SSI alleges that Adaptor had knowledge of the patent prior to creating and otherwise using or selling its systems, and that it does not have a license. SSI further alleges that it gave notice to Adaptor of the alleged infringement, but that Adaptor has nonetheless continued to engage in the complained-of actions. From these allegations, it is plausible that Adaptor had both knowledge of infringement as well as specific intent. No more is required. Finally, SSI's amendments allege facts sufficient to establish the non-suitability of Adaptor's systems for other uses. If Adaptor is complaining that the counterclaim contains no language specifically stating the non-suitability of its products, then it is simply arguing for inclusion of a conclusory legal statement that it elsewhere attacks. That is not necessary. Instead, upon comparison of the instructions specified by SSI and the patent in question, it is easily plausible that Adaptor's systems are not suitable for non-infringing uses.

In response to SSI's proffered amendments, Adaptor argues that the counterclaims would still fail to state a claim because the new factual allegations remain insufficient. Adaptor replies that it is still confused because it cannot determine whether SSI is suggesting that Adaptor has provided devices, or rather, instructions that infringe certain claims. Adaptor also claims to be confused both as

to whether Lake County, Illinois, refers to a person therein or the municipality, as well as by a lack of dates on which infringement allegedly occurred.

These arguments have no merit. The naming of specific products and the related instructions provide sufficient factual detail to place Adaptor on notice as to what products *and* instructions, collectively the systems, may infringe SSI's patent. Adaptor can sufficiently construct a defense. Further, its supposed confusion as to whether "Lake County" refers to a municipality is hard to believe, as the amendment specifically states "individuals actually utilizing . . . include but [are] not limited to Lake County, Illinois." (*Id.* at 5). The court presumes that SSI means what it writes, and it has referred to Lake County in such a way that normal use of language conveys a reference to a municipal entity. This is particularly apparent where the systems in question are used to seal manholes, a common municipal activity. Finally, specific dates of infringement are unnecessary here, where Adaptor presumably knows exactly who has purchased and used the products and instructions in question. Again, there is sufficient notice to construct a defense.

Ultimately, upon amendment, Adaptor has been well noticed concerning the counterclaims and the grounds upon which they rest. Those counterclaims state a plausible claim to relief. Further, the court does not find that amendment would be futile and finds that justice requires granting leave to amend. Thus, the court will grant SSI's motion to amend as to the counterclaims and dismiss Adaptor's 12(b)(6) motion as moot.

Accordingly,

**IT IS ORDERED** that the defendant's Motion for Leave to Amend (Docket #17) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the plaintiff's Motion to Strike Affirmative Defenses (Docket #10) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that the plaintiff's Motion to Dismiss Counterclaims (Docket #12) be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 29th day of December, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge